# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SUMMIT CANYON RESOURCES, LLC,

    Plaintiff,

v.

MERLE LOCANAS, *et al.*,

    Defendants.

Case No. 2:15-cv-00409-LDG (PAL)

**ORDER**

    The plaintiff–Summit Canyon Resources, LLC–brought this action in state court seeking quiet title to property it purchased at a non-judicial foreclosure sale on a homeowners association lien. As defendants, Summit Canyon named Merle Locanas (the individual who originally purchased the property and obtained loans secured by First and Second Deeds of Trust on the property); (2) Green Tree Servicing, LLC (Green Tree), to which the First Deed of Trust was assigned at the time of the non-judicial foreclosure sale; and Nationstar Mortgage, LLC, to which the Second of Trust was assigned at the time of the foreclosure sale. Though alleging facts indicating that the Federal National Mortgage Association (Fannie Mae) may have an interest in the property, Summit Canyon did not name Fannie Mae as a defendant.

Green Tree removed this action to this Court, alleging that "[n]o properly joined Defendant is a citizen of Nevada," and that the amount in controversy exceeded $75,000. Summit Canyon did not move to remand this matter.

Summit Canyon has asked that the Clerk of the Court enter default against Locanas, asserting that Locanas was served with a summons and complaint. The Affidavit of Service that Summit Canyon attached to its motion recites that the summons and complaint were served upon a John Doe, a person residing at an address in North Las Vegas, which address was "the within named person's dwelling house or usual place of abode."

Following Green Tree's filing of a counterclaim against Summit Canyon and a third-party claim against Giavanna Homeowners Association (Giavanna), and Giavanna's filing of a third-party claim against Absolute Collection Services (Absolute), LLC, Summit Canyon moved to amend its complaint to add claims against Giavanna and Absolute. Green Tree opposed the motion, arguing in part that the proposed Amended Complaint violated Local Rule 8.1 as the first allegation of the complaint did not state the basis for federal jurisdiction. In reply, Summit Canyon conceded it had not complied with LR 8.1 because it "does not believe the Federal Court has jurisdiction over this case . . . ." Summit Canyon provided no argument supporting its assertion that this Court lacks jurisdiction of this case.[1]

The parties have filed several motions to dismiss and for summary judgment. In particular, Green Tree has moved for summary judgment arguing that "it is the record holder of a beneficial interest in [the First Deed of Trust] and is the contractually authorized servicer for [Fannie Mae], the owner of the deed of trust." In support of its motion, Green

---

[1] Summit Canyon additionally argued that, *if* the Court granted its motion to amend, the Court would lack diversity jurisdiction. Summit Canyon then improperly attempted to amend its original motion to amend to a "Motion to Amend and Remand." Summit Canyon provided no argument that, absent amendment of its complaint, the Court lacked jurisdiction.

2

Tree attached the Declaration of John Curcio, the Assistant Vice President for Fannie Mae, who declared that Fannie Mae purchased the loan underlying the First Deed of Trust on or about September 1, 2006. Green Tree asserts that Fannie Mae "thereby obtained a property interest in the Deed of Trust."

Pursuant to Fed. R. Civ. Pro 12(h)(3), the court may, at any time, determine and dismiss an action if it lacks subject matter jurisdiction. In the present matter, the Court's review of the present record has raised several concerns relative to the Court's subject matter jurisdiction over Summit Canyon's quiet title claim.

Initially, in reviewing the record, the Court became concerned whether diversity jurisdiction exists. While Summit Canyon has asserted it has a belief that the Court lacks diversity jurisdiction, it has not provided any argument in support of that belief. The Court notes that, in removing this action, Green Tree asserted that no properly joined defendant was a citizen of Nevada, and argued that the citizenship of Locanas is immaterial because Locanas "claims no interest in the property that is the subject of this quiet title action." The Court must note, however, that Summit Canyon specifically brought this suit to obtain a judicial determination that Locanas does not have an interest in the property, and in so doing alleged facts from which it can be inferred that Locanas may have an interest in the property. That is, Summit Canyon alleged that Locanas was the owner of the property at the time of the foreclosure sale. Summit Canyon seeks quiet title against Locanas, arguing that Locanas lost his interest in the property because the foreclosure sale was valid. In answering the complaint, however, Green Tree has argued the foreclosure sale was invalid. As such, absent competent proof, it would appear that Green Tree's bare averment that Locanas does not claim any interest in the property would be insufficient to establish that his citizenship may be ignored in determining whether the Court has diversity jurisdiction. *See*, *Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992).

Conversely, however, the Court notes the lack of any motion or argument by Summit Canyon to remand on the basis of Locanas' citizenship, suggesting that Summit Canyon cannot establish that Locanas is a citizen of Nevada who is properly joined and has been properly served.  As noted, Summit Canyon attempted service on Locanas, but did so by serving a John Doe at a Nevada residence asserted to be that of Locanas.  The lack of effort by Summit Canyon to seek remand suggests that it concedes that either Locanas is not a citizen of Nevada, or that it has not properly joined or served Locanas.

The motions of the parties, however, raise a more significant concern that may affect the determination whether this Court has jurisdiction over this matter.  Specifically, in its complaint, Summit Canyon alleged facts suggesting an awareness that Fannie Mae has an interest in the property.  Summit Canyon did not, however, name Fannie Mae as a defendant.  In moving to amend the complaint, Summit Canyon has argued that indispensable parties must be added to this litigation in order that it may obtain full relief on its claim, again alleged facts suggesting an awareness that Fannie Mae has an interest in the property, but again failed to name Fannie Mae as a defendant.  In moving for summary judgment, Green Tree has offered evidence Fannie Mae has an interest in the property and, as such, argued that Summit Canyon cannot successfully maintain its claim.  Summit Canyon has sought to exclude the evidence of Fannie Mae's interest in the property solely on the basis that Green Tree failed to disclose the evidence during the discovery period.  The record, however, indicates that Summit Canyon was aware, during the discovery period, that Fannie Mae may have an interest in the property.  Nevertheless, despite having brought an action for quiet title against all parties allegedly with an interest in the property, Summit Canyon has not made any effort to add Fannie Mae as a defendant, and has not offered any reason why Fannie Mae should not be named as a defendant.  Rather, Summit Canyon has expressly argued that Green Tree cannot raise the Federal Foreclosure Bar because Fannie Mae is NOT a party to this action.  Given that Fannie Mae

4

has an arguable interest in the property, and given that Summit Canyon has argued that Green Tree cannot raise a defense protecting the interest of Fannie Mae in the absence of Fannie Mae's participation as a defendant, it would appear to the Court that Summit Canyon has established that Fannie Mae may be an indispensable party that must be joined, and which may affect this Court's jurisdiction over Summit Canyon's claim. That is, it appears to the Court that Fannie Mae has claimed an interest relating to the subject of Summit Canyon's quiet title claim and, in light of Summit Canyon's arguments, disposing of the quiet title action in Fannie Mae's absence "may as a practical matter impair or impede [Fannie Mae's] ability to protect the interest." Fed. R. Civ. Pro. 19(1)(B)(i).

Accordingly,

THE COURT **ORDERS** that Summit Canyon and Green Tree shall each, not later than April 22, 2016, submit a memorandum of points and authorities, supported with evidence as necessary, addressing:

(1) whether this Court lacks diversity jurisdiction of Summit Canyon's claim for quiet title, including whether Merle Locanas is properly joined and has been properly served as a defendant, and further addressing the citizenship of Merle Locanas; and,

(2) whether either the Federal National Mortgage Association or the Federal Housing Finance Agency is an indispensable party to Summit Canyon's claim for quiet title whom the Court must order be made a party to that claim. The parties shall further address whether this Court has subject matter jurisdiction over Summit Canyon's claim for quiet title if the Court orders either that the Federal National Mortgage Association or the Federal Housing Finance Agency be made a party to Summit Canyon's claim.

Summit Canyon and Green Tree may, if they so choose, file a response brief not later than May 6, 2016.

Giavanna Homeowners Association and Absolute Collection Services may, if they so choose, file briefs on these issues not later than April 22, 2016, and responsive briefs not later than May 6, 2016.

THE COURT FURTHER **ORDERS** that, in light of the substantial questions regarding this Court's jurisdiction and regarding whether the Federal National Mortgage Association or the Federal Housing Finance Agency must be made a party to Summit Canyon's quiet title claim, and as resolution of these issues is likely to significantly impact arguments made in the pending motions, all pending motions (## 11, 13, 15, 34, 42, 55, 56, 57, 58, and 62) are DENIED without prejudice.

DATED this ___31___ day of March, 2016.

_____
Lloyd D. George
United States District Judge