# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SUMMIT CANYON RESOURCES, LLC,

      Plaintiff,

v.

MERLE LOCANAS, *et al*.,

      Defendants.

Case No. 2:15-cv-00409-LDG (PAL)

**ORDER**

      The plaintiff–Summit Canyon Resources, LLC–brought this action in state court seeking quiet title to property it purchased at a non-judicial foreclosure sale on a homeowners association lien.  As defendants, Summit Canyon named Merle Locanas (the individual who originally purchased the property and obtained loans secured by First and Second Deeds of Trust on the property); (2) Green Tree Servicing, LLC (Green Tree), to which the First Deed of Trust was assigned at the time of the non-judicial foreclosure sale; and Nationstar Mortgage, LLC, to which the Second Deed of Trust was assigned at the time of the foreclosure sale.  Though alleging facts indicating that the Federal National Mortgage Association (Fannie Mae) may have an interest in the property, Summit Canyon did not name Fannie Mae as a defendant.

Green Tree removed this action to this Court, alleging that "[n]o properly joined Defendant is a citizen of Nevada," and that the amount in controversy exceeded $75,000. Summit Canyon did not move to remand this matter.

Summit Canyon had asked that the Clerk of the Court enter default against Locanas, asserting that Locanas was served with a summons and complaint. The Affidavit of Service that Summit Canyon attached to its motion recites that the summons and complaint were served upon a John Doe, a person residing at an address in North Las Vegas, which address was "the within named person's dwelling house or usual place of abode."

Following Green Tree's filing of a counterclaim against Summit Canyon and a third-party claim against Giavanna Homeowners Association (Giavanna), and Giavanna's filing of a third-party claim against Absolute Collection Services (Absolute), LLC, Summit Canyon moved to amend its complaint to add direct claims against Giavanna and Absolute. Green Tree opposed the motion, arguing in part that the proposed Amended Complaint violated Local Rule 8.1 as the first allegation of the complaint did not state the basis for federal jurisdiction. In reply, Summit Canyon conceded it had not complied with LR 8.1 because it "does not believe the Federal Court has jurisdiction over this case . . . ." Summit Canyon provided no argument supporting its assertion that this Court lacks jurisdiction of this case.[1]

Pursuant to Fed. R. Civ. Pro 12(h)(3), the court may, at any time, determine and dismiss an action if it lacks subject matter jurisdiction. The Court previously noted that its review of the record raised several concerns whether the Court had subject matter jurisdiction over Summit Canyon's quiet title claim. The Court noted, *inter alia*, that while

---

[1]      Summit Canyon additionally argued that, *if* the Court granted its motion to amend, the Court would then lack diversity jurisdiction. Summit Canyon then improperly attempted to amend its original "Motion to Amend" into a "Motion to Amend and Remand." Summit Canyon provided no argument that, absent amendment of its complaint, the Court lacked jurisdiction.

1   Summit Canyon had asserted a belief that the Court lacks diversity jurisdiction, it had not

2   provided any argument in support of that belief.  Conversely, in removing this action, Green

3   Tree asserted that no properly joined defendant was a citizen of Nevada.  Green Tree

4   acknowledged that Locanas had been named as a defendant, but briefly argued that the

5   citizenship of Locanas was immaterial because Locanas "claims no interest in the property

6   that is the subject of this quiet title action."  Further, the Court noted the lack of any motion

7   or argument by Summit Canyon to remand on the basis that Locanas was a citizen of

8   Nevada who was properly joined and had been properly served.

9        The motions of the parties also raised an issue whether Fannie Mae was an

10  indispensable party that must be joined.

11       The Court ordered Summit Canyon and Green Tree to brief whether Merle Locanas

12  was properly joined and served, and whether either Fannie Mae or the Federal Housing

13  Finance Agency (FHFA) was an indispensable party to Summit Canyon's claim for quiet

14  title.  The parties have filed their briefs addressing these issues.

15       Diversity Jurisdiction

16       The briefing of the parties establishes that whether Green Tree properly removed

17  this action, and whether this Court has diversity jurisdiction, depends solely on the

18  determination whether Summit Canyon fraudulently joined Locanas as a defendant.  The

19  "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having

20  no real connection with the controversy."  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92,

21  98 (1921).  "Fraudulent joinder is a term of art.  If the plaintiff fails to state a cause of action

22  against a resident defendant, and the failure is obvious according to the settled rules of the

23  state, the joinder of the resident defendant is fraudulent."  *McCabe v. Gen. Foods Corp*.,

24  811 F.2d 1336, 1339 (9th Cir. 1987).  While the removing party has the burden of asserting

25  facts leading to the conclusion that the joinder of a defendant is a sham, the failure of the

26

3

1  non-removing party to take issue with the assertions requires finding that the non-removing
2  party has assented to the removing party's statement.  *Wilson*, *id.*

3      Green Tree's argument is straight-forward.  Summit Canyon's only claim against
4  Locanas is for quiet title, which it seeks to obtain by declaratory relief.  Pursuant to NRS
5  40.010, any person may bring an action against another person "who *claims* an estate or
6  interest in real property, adverse to the party bringing the action, for the purpose of
7  determining such adverse claim" (emphasis added).  While Summit Canyon alleges its
8  belief that Locanas claims an interest in the property, it has not alleged any facts
9  supporting that conclusion.  Rather, Summit Canyon's only factual allegations relevant to
10  Locanas' interest in the property support Summit Canyon's allegation that Locanas is a
11  *former* owner of the property.  Accordingly, as Summit Canyon alleges facts that Locanas'
12  ownership interest in the property was extinguished by the foreclosure sale, and fails to
13  allege or even imply any facts suggesting that Locanas has asserted or threatened to
14  assert an ownership interest in the property subsequent to the foreclosure sale, Summit
15  Canyon has failed to state a quiet title claim against Locanas.

16      Summit Canyon has not directed the Court's attention to any allegation of fact in its
17  complaint supporting an inference that Locanas is asserting (or has threatened to assert)
18  an adverse claim to the property.

19      Summit Canyon argues that, because it brought its quiet title claim to establish the
20  superiority of its title against Locanas, Locanas is a proper party and is not fraudulently
21  joined.  The argument ignores that, while a purpose of a quiet title action claim is to
22  establish superiority of title, it does so in the context of adverse claims to that title.  As
23  Summit Canyon has not alleged that Locanas is asserting (or threatening to assert) an
24  adverse claim to its title, Locanas stands in the same position (relevant to Summit
25  Canyon's claim to the property) as every other person who does not assert an adverse
26

4

1  claim to title.  Summit Canyon has not shown that it can bring a quiet title action against

2  any person who has not asserted a claim against the property.

3        Summit Canyon argues that the need for a quiet title action is to have the court

4  make a judicial determination of the allegations pled in the complaint.  The Court agrees.

5  In the present matter, the Court has determined that Summit Canyon has not alleged any

6  facts supporting a quiet title claim against Locanas, and thus cannot prosecute a quiet title

7  claim against Locanas.  Accordingly, the Court finds that Locanas was fraudulently joined

8  as a defendant.  As the Court can disregard the citizenship of Locanas in determining

9  whether the Court has diversity jurisdiction, and as there is no dispute that all remaining

10  parties are diverse and the amount in controversy exceeds $75,000.00, the Court finds that

11  it has diversity jurisdiction over Summit Canyon's claim.

12        <u>Indispensable Parties</u>

13        Summit Canyon asserts that it lacks sufficient information to argue whether or not

14  either Fannie Mae or FHFA is an indispensable party.  Nevertheless, it argues that Green

15  Tree has not shown that it has authority to protect their interests (if any).

16        Green Tree argues that it "services the Loan for Fannie Mae, the owner of the Deed

17  of Trust and the note, and is the beneficiary of record of the Deed of Trust."  Green Tree

18  further asserts that, in both of these roles, it has standing to raise the Federal Foreclosure

19  Bar, which would protect the property interests of Fannie Mae.  As such, Green Tree

20  argues that Fannie Mae, while having an interest in the property, is not an indispensable

21  party to this litigation.

22        At this time, the Court will not find that Fannie Mae is an indispensable party to this

23  litigation.  However, if Green Tree establishes its assertion that Fannie Mae has an interest

24  in the property adverse to Summit Canyon, and if Summit Canyon defeats Green Tree's

25  assertion that it has authority to protect Fannie Mae's interest, the Court will find that

26  Fannie Mae is an indispensable party and require that it be joined as a defendant, and be

1 permitted to assert any defenses protecting that interest, prior to granting any relief in this
2 matter.

3   Scheduling

4   As the Court has determined that Locanas was fraudulently joined, and has
5 determined that the Court has diversity jurisdiction, the Court will reset the deadlines for
6 filing dispositive motions and for filing a Pretrial Order.

7   Therefore for good cause shown,

8   THE COURT **ORDERS** that:

9   a)   the last date to file dispositive motions is Friday, September 30, 2016;

10   b)   the last date to file the Pretrial Order is Friday, October 28, 2016.  In the
11       event dispositive motions are filed, the date for filing the Joint Pretrial Order
12       shall be suspended until 30 days after a decision of the dispositive motions.

13

14 DATED this __2nd__ day of September, 2016.

15

16                                                    _____
                                                    Lloyd D. George
17                                                    United States District Judge

18

19

20

21

22

23

24

25

26