# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SUMMIT CANYON RESOURCES, LLC,

    Plaintiff,

v.

MERLE LOCANAS, *et al.*,

    Defendants.

Case No. 2:15-cv-00409-LDG (PAL)

**ORDER**

    The plaintiff–Summit Canyon Resources, LLC–brought this action in state court seeking quiet title to property it purchased at a non-judicial foreclosure sale on a homeowners association lien. As defendants, Summit Canyon named Merle Locanas (the individual who originally purchased the property and obtained loans secured by First and Second Deeds of Trust on the property); (2) Green Tree Servicing, LLC (Green Tree), to which the First Deed of Trust was assigned at the time of the non-judicial foreclosure sale; and Nationstar Mortgage, LLC, to which the Second Deed of Trust was assigned at the time of the foreclosure sale.

Green Tree removed this action to this Court, alleging that "[n]o properly joined Defendant is a citizen of Nevada," and that the amount in controversy exceeded $75,000. Summit Canyon did not move to remand this matter.

Following Green Tree's filing of a counterclaim against Summit Canyon and a third-party claim against Giavanna Homeowners Association (Giavanna), and Giavanna's filing of a third-party claim against Absolute Collection Services (Absolute), LLC, Summit Canyon moved to amend its complaint to add direct claims against Giavanna and Absolute. Green Tree opposed the motion, arguing in part that the proposed Amended Complaint violated Local Rule 8.1 as the first allegation of the complaint did not state the basis for federal jurisdiction. In reply, Summit Canyon conceded it had not complied with LR 8.1 because it "does not believe the Federal Court has jurisdiction over this case . . . ." Summit Canyon did not, however, provide any argument supporting its assertion that this Court lacked jurisdiction of this case.

Pursuant to Fed. R. Civ. Pro 12(h)(3), the court may, at any time, determine and dismiss an action if it lacks subject matter jurisdiction. The Court previously noted its concern whether the Court had diversity jurisdiction over Summit Canyon's quiet title claim, and requested that the parties submit additional briefing on the issue. Of primary concern was that, while Summit Canyon had asserted a belief that the Court lacks diversity jurisdiction, it had never provided an argument in support of that belief. Indeed, Green Tree asserted that no properly joined defendant was a citizen of Nevada, had acknowledged that Locanas had been named as a defendant, but argued that the citizenship of Locanas was immaterial because Locanas "claims no interest in the property that is the subject of this quiet title action." Nevertheless, Summit Canyon did not seek to remand this action on the basis that the Court lacked diversity jurisdiction because Locanas was a citizen of Nevada who was properly joined and had been properly served. In response to the Court's request for additional briefing, Summit Canyon argued that

Locanas could assert a claim against the property, but cited no legal basis upon which Locanas could assert such a claim.

Following the briefing, but before this Court addressed the parties' memoranda regarding diversity jurisdiction, the Ninth Circuit issued an opinion in *Weeping Hollow Avenue Trust v. Spencer*, 831 F.3d 1110 (2016). Summit Canyon did not bring this decision to the attention of this Court until more than a month after this Court's determination that Locanas was fraudulently joined. In *Weeping Hollow,* the Ninth Circuit recognized that, "under Nevada law, [the former property owner] could have brought claims challenging the HOA foreclosure sale within five years of the sale." *Id.,* at 1114. As noted by the Ninth Circuit, even though the former property owner lacked a statutory right of redemption, the former owner could still seek to quiet title "by invoking the court's inherent equitable jurisdiction to settle the disputes." Following this Court's decision, Summit Canyon sought reconsideration of the decision based solely on *Weeping Hollow*.

In response, Green Tree argues that *Weeping Hollow* is inapposite because it "does not address whether jurisdiction exists following default of the only non-diverse defendant . . .." The issue before the Court, however, is whether this Court had diversity jurisdiction at the time Green Tree removed the action to this Court. Green Tree has not offered any argument that, in light of *Weeping Hollow*, Summit Canyon did not have a viable claim for quiet title against Locanas *at the time Green Tree removed* this action to this Court.

Although Summit Canyon never properly sought remand of this action, and despite the Court's efforts to have Summit Canyon identify legal authority establishing that it had a viable claim for quiet title against Locanas, Summit Canyon did not do so until its motion for reconsideration. Nevertheless, pursuant to Fed. R. Civ. Pro 12(h)(3), the court may, at any time, determine and dismiss an action if it lacks subject matter jurisdiction. Further, for an action removed from state court, this Court must dismiss this action when it is established

that the Court lacked diversity jurisdiction at the time of removal.  In light of *Weeping Hollow*, Green Tree has not met its heavy burden of showing that Summit Canyon did not have a viable claim against Locanas at the time it removed this action.  Accordingly, the Court must remand this matter as it lacks diversity jurisdiction over Summit Canyon's suit.

Accordingly,

THE COURT **ORDERS** that Summit Canyon's Motion for Reconsideration (ECF No. 102) is GRANTED;

THE COURT FURTHER **ORDERS** that this matter is REMANDED; The Clerk of the Court is instructed to take all necessary steps to promptly remand this matter to the court from which it was improperly removed.

DATED this _21_ day of September, 2017.

_____
Lloyd D. George
United States District Judge